UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERARDO SOLANA,                :     Civil Action No. 07-0411 (JBS)
                               :
            Petitioner,        :
                               :
       v.                      :     **OPINION**
                               :
U.S. PAROLE COMMISSION,        :
                               :
            Respondent.        :

**APPEARANCES**:

    GERARDO SOLANA, #31189-053
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

Gerardo Solana, an inmate who was confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging an unspecified decision of the United States Parole Commission.[1]  For the reasons expressed below, this Court will summarily dismiss the Petition without prejudice to the filing of a petition that sufficiently states a claim for relief under 28 U.S.C. § 2241.

---

[1] The Inmate Locator maintained by the Federal Bureau of Prisons indicates that Petitioner is confined at CI Moshannon Valley Correctional Institution, P.O. Box 2000, Philipsburg, PA 16866.  See Inmate Locator www.bop.gov, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=31189-053&x=25&y=4 (last visited Feb. 1, 2007).

## I.  BACKGROUND

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 against the United States Parole Commission.  No documents are attached to the Petition.  The body of the Petition is set forth in full below:

> 1.  Petitioner's procedural rights were violated as the incorrect guidelines were applied.
>
> 2.  A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.
>
> 3.  The decision was based on erroneous information.
>
> 4.  There was significant information in existence but not known at the time of the hearing.
>
> 5.  The Parole Commission did not inform, communicate when, where the time of hearing would take place.
>
> 6.  The Parole Commission has not produce[d] the hearing record.
>
> 7.  The Parole Commission did not notify Petitioner of its determination in the time allowed by law.
>
> 8.  Testimony given by supervising officer, under oath, is erroneous.
>
> 9.  The warrant for his arrest is flawed.
>
> This Honorable Court has jurisdiction in this matter as Petitioner is incarcerated at Fort Dix, New Jersey Federal Correctional Facility, and Petitioner request that this Honorable Court grants him an order so that he may have access to a typewriter, that copies of his legal work be provided and

>     stamps for his legal material as Petitioner
>     is indigent . . . Petitioner will file his
>     brief when the Court sets the date.
>
>     Accordingly, Petitioner prays that this
>     writ be filed, docketed, at this Honorable
>     Court, that he be immediately release[d] from
>     his incarceration.

(Pet. ¶¶ 1 to 9.)

## II.  STANDARD OF REVIEW

"In conducting habeas review, a federal court is limited to deciding whether a conviction [or confinement] violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). As the Supreme Court recently explained in Mayle v. Felix, 545 U.S. 644 (2005),

>     Under Rule 8(a) [of the Federal Rules of
>     Civil Procedure], applicable to ordinary
>     civil proceedings, a complaint need only
>     provide "fair notice of what the plaintiff's
>     claim is and the grounds upon which it
>     rests." Conley v. Gibson, 355 U.S. 41, 47 .
>     . . Habeas Corpus Rule 2(c) is more
>     demanding.  It provides that the petition
>     must "specify all the grounds for relief
>     available to the petitioner" and "state the
>     facts supporting each ground. See also
>     Advisory Committee's note on subd. (c) of
>     Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In
>     the past, petitions have frequently contained
>     mere conclusions of law, unsupported by any

3

> facts.  [But] it is the relationship of the
> facts to the claim asserted that is important
> . . . ."); Advisory Committee's Note on
> Habeas Corpus Rule 4, 28 U.S.C., p. 471
> ("'[N]otice' pleading is not sufficient, for
> the petition is expected to state facts that
> point to a real possibility of constitutional
> error." (internal quotation marks omitted)) .
> . . .
>
> A prime purpose of Rule 2(c)'s demand that
> habeas petitioners plead with particularity
> is to assist the district court in
> determining whether the State should be
> ordered to "show cause why the writ should
> not be granted."  § 2243.  Under Habeas
> Corpus Rule 4, if "it plainly appears from
> the petition . . . that the petitioner is not
> entitled to relief in district court," the
> court must summarily dismiss the petition
> without ordering a responsive pleading.

Id. 545 U.S. at ___, 125 S. Ct. at 2570.[2]

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

---

[2] The Habeas Rules govern petitions filed under 28 U.S.C. § 2254, see 28 U.S.C. § 2254 Rule 1(a), and provide that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," id. Rule 1(b).

### III.  DISCUSSION

Petitioner challenges a decision of the United States Parole Commission and seeks immediate release, but the Petition does not identify the nature of the challenged decision or specify the date the decision issued.  Petitioner asserts that his procedural rights were violated, the decision was outside the guidelines, and the decision was not supported by the facts, but he does not explain what the parole commission decided.  Nor is this Court able to discern from the Petition whether the challenged decision is administratively final.  The Petition does not allege sufficient facts to state a claim for relief under 28 U.S.C. § 2241, and will be summarily dismissed.  See Mayle, 545 U.S. at ___, 125 S. Ct. at 2570; Thomas, 221 F.3d at  437.  However, the dismissal is without prejudice to the filing of a petition which meets the heightened pleading requirements for a habeas corpus petition.

### IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, U.S.D.J.


Dated:   **February 5, 2007**